# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**SOUTH LOUISIANA ETHANOL, L.L.C.**          **CIVIL ACTION**

**VERSUS**                                   **NUMBER 11-430-BAJ-DLD**

**SOUTHERN SCRAP MATERIAL CO., L.L.C., ET AL.**

## MAGISTRATE JUDGE'S REPORT

This removed matter is before the court on a motion to transfer venue to the United States District Court Eastern District of Louisiana (rec. doc. 2) filed by defendants Fireman's Fund Insurance Company (Fireman's Fund) and Southern Scrap Material Co., L.L.C. (SSM) and a motion to remand, alternatively, motion to stay ruling on motion to remand (rec. doc. 3) filed by plaintiff South Louisiana Ethanol, L. L.C. (SLE). Both motions are opposed (rec. docs. 3-1, 4, and 9), and have been referred to the undersigned for a report and recommendation.

### Factual Background

Plaintiff SLE is a reorganized debtor in the Chapter 11 Bankruptcy proceeding entitled *In re South Louisiana Ethanol, L.L.C.,* Case No. 09-12676, Section A, United States Bankruptcy Court for the Eastern District of Louisiana[1] (rec. doc. 1-1). On May 5, 2011, plaintiff SLE filed an adversary proceeding, Case No. 11-1039, in the bankruptcy case, alleging claims of breach of contract of deposit, conversion, fraud, fraudulent appropriation,

---

[1] On April 19, 2011, the United States Bankruptcy Court, Eastern District of Louisiana confirmed SLE's Amended Plan of Reorganization by Liquidation Including Immaterial Modifications under Chapter 11 of the Bankruptcy Code of SLE. As of April 20, 2011, SLE was operating as a reorganized debtor. See United States Bankruptcy Court, Eastern District of Louisiana CA 09-12676.

avoidance of transfer of property of the debtor under 11 U.S.C. §548(a)(1)(B), and conspiracy, all arising out of a contractual dispute between Precision Combustion Technology, L.L.C.[2] and SLE, and the alleged improper sale of SLE equipment by SSM, while in the possession of PCT (adversary proceeding) (USBC,EDLA CA 11-1039, rec. doc. 1; see also CA 09-12676, rec. doc. 500).[3] Recently, on September 8, 2011, in the United States District Court for the Eastern District of Louisiana, District Judge Jay Zainey considered the issue of whether the bankruptcy court had subject matter jurisdiction over the adversary proceeding and denied SSM's and Fireman's Fund's motion to withdraw reference (EDLA CA 11-1747, rec. doc. 9). Thus, SLE's adversary proceeding against SSM and Fireman's Fund is currently pending in the United States Bankruptcy Court for the Eastern District of Louisiana.

On June 8, 2011, SLE filed this removed state court action in the 23rd Judicial District Court, Parish of Ascension, State of Louisiana, alleging claims identical to those alleged in the adversary proceeding against the same defendants and arising out of the same contractual dispute at issue in the adversary proceeding (state court action) (rec. doc. 1-1).[4]

---

[2] Precision Combustion Technology, L.L.C. is not named as a defendant in either the adversary proceeding or the state court action, but its members, Eric Jacob Messer, Cynthia Ann Glaze, and Steven Zane Glaze, are individually named as defendants.

[3] The adversary proceeding is entitled *South Louisiana Ethanol, L.L.C. v. Eric Jacob Messer, Cynthia Ann Glaze, Steven Zane Glaze, Southern Scrap Material Co., L.L.C., 1 Fireman's Fund Insurance Company, Commerce and Industry Insurance Company, Chartis Specialty Insurance Company,* CA 11-1039, United States Bankruptcy Court, Eastern District of Louisiana.

[4] The state court action is entitled *South Louisiana Ethanol, L.L.C. v. Southern Scrap Material Co., L.L.C., 1 Fireman's Fund Insurance Company, Eric Jacob Messer, Cynthia Ann Glaze, Steven Zane Glaze, Commerce and Industry Insurance Company, Chartis Specialty Insurance Company*, and contains claims of breach of contract of deposit, conversion, fraud, fraudulent appropriation, avoidance of transfer of property of the debtor under 11 U.S.C. §548(a)(1)(B), and conspiracy (CA 11-430, rec. doc. 1-1).

In light of the pending bankruptcy and adversary proceedings brought on behalf of SLE, on June 24, 2011, defendants removed the state court action pursuant to 28 U.S.C. §1452 (a), which allows removal of cases when the case arises in, arises under, or is related to a pending bankruptcy proceeding (rec. doc. 1). Shortly thereafter, defendants filed a motion to transfer the removed state court action to the United States District Court Eastern District of Louisiana, the district where the bankruptcy proceeding is pending (rec. doc. 2).[5] Plaintiff filed a motion to remand, or alternatively, motion to stay the ruling on the motion to remand and an opposition to the motion to transfer (rec. doc. 3). The motion to transfer venue and motion to remand, or alternatively, motion to stay the motion to remand are before the court for review.

### Arguments of the Parties

Defendants argue that this matter was properly removed pursuant to 28 U.S.C. §1452(a) because this matter involves claims that arise in, arise under, or are related to the bankruptcy proceeding in the United States Bankruptcy Court for the Eastern District of Louisiana. Further, defendants move to transfer this matter to the United States District Court for the Eastern District of Louisiana, the district where plaintiff's bankruptcy and adversary proceedings are pending. Defendants argue that transferring this matter to the

---

[5] Pursuant to EDLA Local Rule 83.4.1 and the April 11, 1990, General Order of the Eastern District of Louisiana, once this case is transferred to the United States District Court for the Eastern District of Louisiana, it will be referred to the United States Bankruptcy Court for the Eastern District of Louisiana, where the adversary proceeding consisting of the same claims against the same parties is proceeding. See CA 11-1039. Local Rule 83.4.1 *Reference to Bankruptcy Judges*, provides as follows: [a]ll cases under Title 11 and all proceedings arising under Title 11 or arising in or related to a case under Title 11 are transferred by the district court to the bankruptcy judges of this district. As set forth in 28 U.S.C. §157(b)(5), personal injury, tort and wrongful death claims must be tried in the district court.

Eastern District of Louisiana would be more convenient and efficient because the parties could have these identical claims tried at one time in one court.

Plaintiff admits that the claims alleged in the state court action are identical to those alleged in the adversary proceeding and are therefore "related to" the bankruptcy case, but plaintiff nevertheless argues that this matter should be remanded under the court's discretionary authority under Section 1452(b) to remand "on any equitable grounds." See (rec. doc. 3-1). Plaintiff states that it would prefer to litigate its claims in the adversary proceeding, but that it filed the state court action as a protective measure to prevent prescription of its claims in the event the bankruptcy court finds that subject matter jurisdiction is lacking or abstains from hearing the adversary proceeding. Plaintiff opposes transferring this matter to the Eastern District of Louisiana because of its concern that the Eastern District of Louisiana lacks the authority to remand this matter back to the 23rd Judicial District Court, if the bankruptcy court finds that subject matter jurisdiction is lacking or abstains from hearing the adversary proceeding. Alternatively, plaintiff suggests that this matter be stayed pending a decision from the bankruptcy court as to whether it has subject matter jurisdiction over plaintiff's claims or whether it will abstain from hearing the adversary proceeding.

## Law and Discussion

It is well-settled that a party may remove an action from state court to federal court if the action is one over which the federal court has subject matter jurisdiction. *Manguno v. Prudential Property and Casualty Ins. Co.*, 276 F.3d 720 (5th Cir. 2002), citing 28 U.S.C. §1441(a). The removing party bears the burden of establishing that federal jurisdiction exists

at the time of removal. *De Aguilar v. Boeing Co.,* 47 F.3d 1404, 1408 (5th Cir. 1995). Pursuant to 28 U.S.C. §1452(a), "a party may remove any claim or cause of action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1452(a). Section 1334 provides that the district courts shall have original but not exclusive jurisdiction "of all civil proceedings arising under title 11, or arising in or related to a case under title 11." 28 U.S.C. §1334.

All parties agree that the claims filed in the state court action are identical to the claims filed in the adversary proceeding, which is pending in the United States Bankruptcy Court for the Eastern District of Louisiana, and are, therefore, "related to" the bankruptcy proceeding. Thus, the state court action was properly removed under Section 1452(a). Plaintiff SLE requests that this court exercise its discretion and remand this matter under 28 U.S.C. §1452(b), which allows a court to remand a claim or cause of action on "any equitable ground."

Courts consider several factors in determining whether "equitable grounds" for remand exist: (1) forum non conveniens; (2) a preference for a bifurcated action to be tried in the same court, (3) whether the state court is better able to respond to questions involving state law; (4) expertise of the particular court; (5) duplicative and uneconomic effort of judicial resources in two forums; (6) prejudice to the involuntarily removed parties; (7) comity considerations; and (8) a lessened possibility of an inconsistent result. *Browning v. Navarro*, 743 F.2d 1069 (5th Cir. 1984)(citations omitted); *Charles v. Towing and Recovery Professionals of Louisiana, Inc.*, 2011 WL 703725 (W.D. La. 2011). In support of remand,

plaintiff offers only its concerns about the bankruptcy court's inability to remand this action across district lines to the 23rd Judicial District Court in the event it declines to hear the case and the effect the failure to remand the removed state court action would have on the viability of its state law claims.[6]

Plaintiff filed the state court action as a protective measure and has expressed its desire to pursue its claims in the adversary case filed in the bankruptcy proceeding. To allow these two identical actions to proceed separately would waste judicial and party resources and would risk the possibility of an inconsistent verdict. The bankruptcy court is equipped to handle all of the issues raised in this matter, including the issues involving state law. Further, as acknowledged by plaintiff, any proceeds recovered would serve to increase the property of the estate, which is being managed by the bankruptcy court. If the bankruptcy court decides in the future that it does not have subject matter jurisdiction over plaintiff's claims or abstains from hearing plaintiff's claims, which is unlikely considering District Judge Jay Zainey's recent decision denying the motion to withdraw reference, the bankruptcy court has the authority to remand plaintiff's state court action across district lines to the 23rd Judicial District Court. See Terral v. SCH Management Solutions, Inc., 2004 WL 2115486 (E.D. La. 2004) and cases cited therein where the district court reasoned that the bankruptcy court (transferee court) has the same remand authority as the transferor court and can remand the

---

[6] Defendants seek to have this matter transferred to the United States District Court for the Eastern District of Louisiana and then presumably referred to the United States Bankruptcy Court for the Eastern District of Louisiana pursuant to Local Rule 83.4.1E and the April 11, 1990, General Order. Thus, the ultimate issue raised by plaintiff in connection with the motion to remand and motion to transfer is whether the bankruptcy court has the authority to remand the state court action across district lines to the 23rd Judicial District Court.

removed action across district lines to the state court in which the case was originally filed. *Allied Signal Recovery Trust v. Allied Signal, Inc.*, 298 F.3d 263 (3rd Cir. 2002).[7]

Thus, the court sees no reason why this matter should proceed in state court parallel to the identical action filed as an adversary proceeding in the United States Bankruptcy Court for the Eastern District of Louisiana, and the court recommends that plaintiff's motion to remand based on "equitable grounds" should be denied.

**Motion to Transfer to the Eastern District of Louisiana**

Defendants seek to have this matter transferred to the United States District Court Eastern District of Louisiana, based on 28 U.S.C. §1412 and/or §1404(a). Section 1412 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district in the interest of justice or for the convenience of the parties." Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." District courts in the Fifth Circuit have found that when an action could have been brought in the district or division where the bankruptcy court is located, Sections 1404(a) and 1412 largely include the same criteria for transfer of cases, and therefore apply Section 1404(a). See *Washington State Bank v. Turnage*, 2011 WL 1561440 (W.D. La. 2011), citing *Encana Oil & Gas (USA) Inc. v. TSC Sieber Services, L. C.*, 2010 WL 3385018, 1 (N.D.Tex. 2010); *Xtreme Industries, LLC v. Gulf Copper & Mfg. Corp.*, 2010 WL

---

[7] Alternatively, plaintiff seeks that this court stay its decision on the motion to remand pending a decision by the bankruptcy court regarding its jurisdiction over plaintiff's adversary proceeding. District Judge Jay Zainey recently considered the issues of jurisdiction and abstention in the defendants' motion to withdraw the reference of the adversary proceeding and denied the motion to withdraw reference. Thus, there is no basis for plaintiff's motion to stay.

4962967, 9 (S.D.Tex. 2010); *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 2009 WL 4884430, 4 (N.D.Tex. 2009); *Rumore v. Wamstad*, 2001 WL 1426680, 2 (E.D.La. 2001).

Since the adversary proceeding in the United States Bankruptcy Court for the Eastern District of Louisiana and the removed state court action are identical, the court will analyze the motion to transfer under Section 1404(a).  The decision to transfer a case pursuant to Section 1404(a) is a matter within the trial court's discretion. See *Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988).  All parties agree that this matter should proceed in one venue, and plaintiff states that it prefers to pursue its claims in the adversary proceeding in the Eastern District of Louisiana.  Plaintiff's objection to the motion to transfer mirrors the arguments offered in support of its motion to remand based on its concern that the bankruptcy court does not have the authority to remand this case across district lines in the event the bankruptcy court decides that it does not have subject matter jurisdiction over plaintiff's claims or abstains from hearing plaintiff's claims.

As previously explained, it is unlikely that the bankruptcy court will decide that it does not have subject matter jurisdiction over plaintiff's claims considering the recent decision by District Judge Jay Zainey denying defendants' motion to withdraw reference, and the issue of abstention has not been raised in the bankruptcy proceeding.  In the event the bankruptcy court declines to exercise jurisdiction or abstains from hearing this matter, however, the bankruptcy court has the authority to remand this case across district lines to the 23rd Judicial District Court, Parish of Ascension, State of Louisiana.  See i.e., *Terral v. SCH Management Solutions, Inc.*, 2004 WL 2115486 (E.D. La. 2004), and cases cited therein.  For these

reasons, the court recommends that this matter be transferred to the Eastern District of Louisiana.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's motion to remand, alternatively, motion to stay (rec. doc. 3) should be **DENIED**.

**IT IS FURTHER RECOMMENDED** that defendants' motion to transfer venue (rec. doc. 2) should be **GRANTED,** and that this matter be transferred to the **United States District Court for the Eastern District of Louisiana.**

Signed in Baton Rouge, Louisiana, on September 26, 2011.

MAGISTRATE JUDGE DOCIA L. DALBY

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**SOUTH LOUISIANA ETHANOL. L.L.C.**          **CIVIL ACTION**

**VERSUS**                                   **NUMBER 11-430-BAJ-DLD**

**SOUTHERN SCRAP MATERIAL CO., L.L.C.**

## <u>NOTICE</u>

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 (fourteen) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on September 26, 2011.

**MAGISTRATE JUDGE DOCIA L. DALBY**